MHW

# In The United States District Court
## For The Northern District Of Illinois
### Eastern Division

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>One World Capital Group, LLC and<br><br>John Edward Walsh,<br><br>Defendants. | 07CV 7002<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE KEYS<br><br>**FILED**<br><br>DEC 1 3 2007<br>12-13-2007<br>JUDGE JOAN H. LEFKOW<br>UNITED STATES DISTRICT COURT |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Commodity Futures Trading Commission ("Commission"), pursuant to Rules 30(a), 30(b)(2) and 45 of the Federal Rules of Civil Procedure, respectfully requests that the Court enter an order authorizing expedited discovery. In support of this motion, the Commission states:

1. This case arises out of the Defendants' inability to demonstrate compliance with the minimum adjusted net capital of $1,000,000 and failure to maintain books and records required by the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002), and the regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2007).

2. Such conduct is in violation of violate Sections 4f(a) and 4f(b) of the Act, 7 U.S.C. §§ 6f(a) and 6f(b) (2002) and Commission Regulations ("Regulations") 1.17(a)(4) and 1.18, 17 C.F.R. §§ 1.17(a)(4) and 1.18 (2007).

3. Simultaneously with the filing of this motion, the Commission filed its Motion for *Ex Parte* Statutory Restraining Order and a Complaint for Injunctive and Other Equitable Relief seeking to halt Defendants' unlawful practices and prohibit the Defendants from dissipating funds and assets of One World or destroying books and records needed to determine the net capital computation, and determine the scope of the Defendants' violative conduct.

4. Expedited discovery will permit the Commission to discover the existence and location assets, books, and records and to prepare for such hearings as the Court may conduct in this matter. In particular, the Commission seeks leave to expedite the issuance of subpoenas for financial records to the Defendants and to third parties, such as banks and futures commission merchants in the United States whose production of documents is likely to be time consuming and will require analysis and further investigation by the Commission. Additionally, expedited discovery will allow the Commission to take the deposition of Defendant Walsh in preparation of any Court hearing.

5. The use of expedited discovery was anticipated by the 1993 Amendments to Rule 26(d) of the Federal Rules of Civil Procedure. The Notes of the Advisory Committee explicitly recognize that cases involving requests for injunctive relief are among the special cases in which it is appropriate for a judge to order discovery prior to the time ordinarily allowed by Rule 26(d).

6. Specifically, the Plaintiff is requesting leave to take the depositions of the individual Defendant and representatives of the corporate Defendant prior to hearing on the preliminary injunction. In addition, the Plaintiff seeks leave to request that the parties produce, on an expedited basis, any documents not otherwise required to be produced under the statutory restraining order. Finally, the Plaintiff seeks leave to issue subpoenas to third parties.

7. A proposed Order is attached.

WHEREFORE, the Commission respectfully requests that the Court enter an order authorizing expedited discovery in this matter.

Date: December 13, 2007

Attorneys for Plaintiff

*Jennifer S. Diamond* (signature)

Jennifer S. Diamond, Trial Attorney
Elizabeth M. Streit, Trial Team Leader
Scott R. Williamson, Deputy Regional Counsel
Rosemary Hollinger, Associate Director
Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661
(312) 596-0549 (Diamond)
(312) 596-0714 facsimile
jdiamond@cftc.gov

2