MHN



In The United States District Court
For The Northern District Of Illinois
Eastern Division

DEC 1 3 2007
12-13-2007
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

| | |
|---|---|
| **Commodity Futures Trading Commission,** | 07CV 7002 |
| Plaintiff, | JUDGE LEFKOW |
| v. | MAGISTRATE JUDGE KEYS |
| **One World Capital Group, LLC** and **John Edward Walsh**, | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR *EX PARTE* STATUTORY RESTRAINING ORDER

Pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2002), plaintiff Commodity Futures Trading Commission (the "Commission"), has filed herewith a Complaint for Injunctive and Other Equitable Relief for violations of the Act. Because of the emergency nature of this matter, the Commission requests that the Court enter an *ex parte* statutory restraining order prohibiting the Defendants from: (1) withdrawing, transferring, removing, dissipating or disposing of any funds, assets or other property of One World Capital Group, LLC, and (2) destroying, altering, or disposing of, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records or other documents.

In support of this motion, the Commission states:

1.      Section 6c of the Act authorizes a federal district court to enter an *ex parte* restraining order. 7 U.S.C. § 13a-1(a) and (b). Such authority includes the authority to prohibit the withdrawal, transfer, removal, dissipation or disposal of funds, assets or other property, prohibit the destruction, alteration, disposal of, or refusal to permit authorized representatives of the Commission to inspect, when and as requested, any books and records or other documents.

2.    Exercise of the authority conferred by the Act is particularly appropriate in this case. Since at least November 28, 2007, and continuing through the present, Defendant One World Capital Group, LLC ("One World"), a futures commission merchant ("FCM") registered with the Commodity Futures Trading Commission ("CFTC" or "Commission") and a forex dealer member ("FDM") of the National Futures Association ("NFA"), has been unable to demonstrate compliance with the minimum adjusted net capital of $1,000,000 required by the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002), and the regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2007). Moreover, the Defendants have not provided adequate documentation for its assets or liabilities, and in particular it has not provided any support for its liabilities to customers holding forex accounts and failed to maintain the books and records as required by the Act and Regulations. As described in more detail in the Complaint and Brief in Support thereof, Walsh stated that he is unable to determine what he owes to forex customers, nor can he say whether he has sufficient funds with which to pay those forex customers   To date, only $538,000 in customer funds has been confirmed, while complaints from customers exceed $4 million. Thus, One World has not demonstrated compliance with the net capital requirements. Moreover, since December 10, 2007, One World is no longer allowing the NFA access to it, and employees have failed to show up at the office.

3.    The Defendants' conduct has violated Sections 4f(a) and 4f(b) of the Act, 7 U.S.C. §§ 6f(a) and 6f(b) (2002) and Commission Regulations 1.17(a)(4) and 1.18, 17 C.F.R. §§ 1.17(a)(4) and 1.18 (2007).

4.    In further support of this motion and in verification of the facts alleged herein, the Commission submits and incorporates its Appendix in Support of Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order and Preliminary Injunction that includes the declarations of Joy McCormack, Sharon Pendleton, and H. Frank Zimmerle.

5.    In further support of this motion, the Commission submits and incorporates its Brief in Support of Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order and Preliminary Injunction.

6.    The public interest requires prompt judicial action to prevent: (1) the withdrawal, transfer, removal, dissipation, concealment or disposal of assets and (2) the destruction of or refusal to permit authorized representatives of the Commission to inspect, when and as requested, any books and records or other documents.

2c787e8d2f9eb16f

**WHEREFORE**, the Commission requests that the Court enter an order pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1:

A.    Restraining One World, Walsh and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from directly or indirectly:

1.    Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of One World wherever located, including all such records concerning the Defendants' business operations;

2.    Refusing to make available for inspection by the Commission, when as requested, any books, records, documents correspondence, brochures, manual, electronically stored data, tape records or other property of One World wherever located, including, but not limited to, all such records of One World's business operations;

3.    Dissipating, withdrawing, transferring, removing, concealing or disposing of any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of One World, including, but not limited to, all funds, personal property, money or securities held in One World's name, safety deposit boxes, all funds in deposit in any financial institution, bank or savings and loan account held by, under the actual or constructive control, or in the name of One World, funds or property of investors, wherever located, whether held in the name of the One World, Walsh or otherwise;

B.    Requiring:

1.    One World to close all open customer positions, cease accepting customer orders, and to close all proprietary accounts held by it with any other foreign currency transaction entity; and

2.    One World and Walsh to permit representatives of the plaintiff Commission to immediately inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of Defendants' business operations, wherever they are situated and whether they are in the possession of the Defendants or others and to copy said documents, data, and records either on or off the premises where they may be situated;

C.    Authorizing that copies of the Order may be served by any means, including facsimile transmission, electronic mail or data transfer; upon any financial institution or other

entity or person that may have possession, custody or control of any documents or assets of the Defendant or that may be subject to any provision of this Order;

      D.      Ordering that Joy H. McCormack, Venice Bickham and Cynthia Cannon, employees of the Commission, are specially appointed to serve process, including the summons and complaint, and all other papers in this cause; and

      E.      Awarding such further relief as the Court deems necessary and appropriate under the circumstances.

Date:  December 13, 2007        Attorneys for Plaintiff

 

                          Jennifer S. Diamond, Trial Attorney
                          Elizabeth M. Streit, Trial Team Leader
                          Scott R. Williamson, Deputy Regional Counsel
                          Rosemary Hollinger, Associate Director

                          Commodity Futures Trading Commission
                          525 W. Monroe St., Suite 1100
                          Chicago, IL  60661
                          (312) 596-0549 (Diamond)
                          (312) 596-0714 facsimile
                          jdiamond@cftc.gov