# In The United States District Court
# For The Northern District Of Illinois
# Eastern Division

| | |
|---|---|
| **Commodity Futures Trading Commission,** | Civil Action No. 07 CV 7002 |
| Plaintiff, | Judge Joan H. Lefkow |
| v. | Magistrate Judge Keys |
| **One World Capital Group, LLC** and **John Edward Walsh,** | |
| Defendants. | |

## CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS ONE WORLD CAPITAL GROUP AND JOHN EDWARD WALSH

On December 13, 2007, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Defendants, One World Capital Group, LLC ("One World"), a futures commission merchant ("FCM") registered with the Commission that also acted as a forex dealer member ("FDM") of the National Futures Association ("NFA"), and One World's President, John Edward Walsh, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et. seq. (2007). On December 13, 2007, the Court entered an *Ex Parte* Statutory Restraining Order against the defendants. This matter comes before the Court on the Motion for Preliminary Injunction filed by Plaintiff Commission.

The Defendants, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state

1

that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and the Defendants hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), in that Defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendants waive the entry of findings of facts and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure

### I.   DEFINITIONS

For the purposes of this Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

5. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "Defendants" mean John "Jack" Edward Walsh ("Walsh") and One World Capital Group, LLC, ("One World") and any person insofar as he or she is acting in the capacity of an officer, agent, servant, or employee of Walsh or One World, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Walsh and One World.

## II.  RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

7. The Defendants and all persons insofar as they are acting in the capacity of their agents, servants, employees, successors, and assigns, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of such order by personal service or otherwise are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating Section 4f(b) of the Commodity Exchange Act, as amended ("CEA"), 7 U.S.C. § 6f(b) (2002), and Commission Regulation 1.17(4), 17 C.F.R. § 1.17(4) (2007) by failing to demonstrate compliance with the $1,000,000 minimum adjusted net capital requirement applicable to a FCM acting as a FDM.

8. Defendants and all persons insofar as they are acting in the capacity of their agents, servants, employees, successors, and assigns, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of such order by personal service or otherwise are restrained and enjoined, until further order of the Court, from violating Section 4f(a) of the Act, 7 U.S.C. § 6f(a) (2002), and Commission Regulation 1.18, 17 C.F.R. § 1.18 (2007) by failing to maintain records that currently reflect its assets, liabilities and capital.

### *MAINTAIN ASSET FREEZE*

IT IS FURTHER ORDERED THAT:

9. One World, Walsh and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained, prohibited and enjoined, until further order of this Court, from directly or indirectly dissipating,

withdrawing, transferring, removing, concealing or disposing of any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of One World, including, but not limited to, all funds, personal property, money or securities held in One World's name, safety deposit boxes, all funds on deposit in any financial institution, bank or savings and loan account held by, under the actual or constructive control, or in the name of One World, funds or property of One World investors, wherever located, whether held in the name of One World, Walsh or any other entity owned or controlled by One World or Walsh;

10. Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any funds, assets or other property of One World, or has held, controlled, or maintained custody of any funds, assets or other property of One World, and who receives notice of this order by any means, including facsimile and Federal Express, shall:

    A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

    B. Deny Defendants and all other persons access to any safe deposit box that is:

        1. titled in the name of One World, either individually or jointly; or

        2. otherwise subject to access by the Defendants which contain assets traceable to One World;

    C. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to One World's accounts and One World's businesses; and

    D. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Walsh's accounts and Walsh's businesses to the extent that they relate to the subject of this litigation.

## *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

IT IS FURTHER ORDERED THAT:

11. One World, Walsh and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile and Federal Express, are restrained and enjoined, until further order of the Court, from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of One World wherever located, including all such records concerning One World's business operations;

## *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

IT IS FURTHER ORDERED THAT:

12. One World and Walsh must permit representatives of the plaintiff Commission upon reasonable notice to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of Defendants' business operations, wherever they are situated and whether they are in the possession of the Defendants or others and to copy said documents, data, and records either on or off the premises where they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated;

13. One World, Walsh and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are prohibited from directly or indirectly refusing to make available for inspection by the Commission or unreasonably delaying inspection by the Commission, when as requested, any books, records, documents, correspondence, brochures, manual, electronically stored data, tape records or other property of One World wherever located, including, but not limited to, all such records of One World's business operations.

## *CEASE BUSINESS*

IT IS FURTHER ORDERED THAT:

14. One World, Walsh and their agents, servants, employees, successors, assigns, and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise close all open customer positions in accounts over which One World controls, cease accepting customer orders, and close all proprietary accounts held by One World with any other foreign currency transaction entity or FCM.

## *REQUIRED ACCOUNTING*

IT IS FURTHER ORDERED THAT:

15. Defendants shall prepare, sign and file with the Court within thirty days from the date of this Order, a complete and accurate accounting for the period of December 2005, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

   A. All financial institutions, including account numbers, which hold or have held funds, securities, commodity interests, assets, liabilities, and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by One World, whether individually or jointly;

   B. All funds, securities, commodity interests, assets, liabilities, and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by One World, whether individually or jointly;

   C. All funds, securities, commodity interests, assets and other property received directly or indirectly by One World, describing the source, amount, disposition, and current location of each listed item;

   D. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by One World, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of One World held by financial institutions located outside the territorial United States;

   E. All customers of One World, whether they held or hold exchange traded or foreign currency traded accounts, including name, address, telephone

number and email, account number, deposit and withdrawal dates and amounts; and

F. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by One World.

16. Defendants are further ordered to identify and provide within thirty days from the date of this Order, an accounting for all assets and property of One World that is maintained outside the United States, including but not limited to all funds on deposit in any financial institution, including but not limited to banks and brokerage houses, held by, under the control of, or in the name of the One World or Walsh, whether jointly or otherwise.

## *SERVICE OF THE ORDER*

17. It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Joy H. McCormack, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## *FORCE AND EFFECT*

18. The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendants and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

19. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

Dated: February ____4____, 2008

CONSENTED TO AND APPROVED BY:

*[signature]*
John Edward Walsh, signing individually
and as an officer and Managing Member of
One World Capital Group, LLC

*[signature]*
Kevin M. Flynn
*Attorney for Defendants*
Kevin M. Flynn & Associates
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601

*[signature]*
Jennifer S. Diamond
Trial Attorney
(312) 596-0549
*jdiamond@cftc.gov*
COMMODITY FUTURES TRADING
  COMMISSION
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0714 (facsimile)

IT IS SO ORDERED.

Date: February __7th__, 2008

*[signature]*
The Honorable Joan H. Lefkow
UNITED STATES DISTRICT JUDGE
Northern District of Illinois

8