IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 06 C 4278 |
| One World Capital Group, LLC, and John Edward Walsh, | ) ) ) | Hon. Joan H. Lefkow Magistrate Judge Arlander Keys |
| Defendants. | ) ) ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants ONE WORLD CAPITAL GROUP, LLC ("One World"), and JOHN EDWARD WALSH ("Walsh") (collectively referred to herein as "Defendants") for their answer to the complaint in this action state as follows:

**I.    Summary**

1.    Defendants admit that during the relevant time period One World was registered with the CFTC as a futures commission merchant and with the NFA as a forex dealer member. Defendants admit that since at least November 28, 2007, One World has been unable to demonstrate compliance with the minimum adjusted net capital requirements of applicable CFTC statutes and regulations promulgated thereunder. Defendants deny all remaining allegations of paragraph 1 of the complaint.

2.    Defendants admit that during the relevant time period One World solicited and accepted retail customer funds for the purpose of acting as a counterparty, or offering to act as the counterparty, to foreign currency

("forex") transactions. Defendants deny that One World solicited or accepted customer funds for the purpose of trading exchange-traded futures contracts during the relevant time period.

3. Defendants admit that One World was unable to comply with NFA staff's request to provide a net capital computation for November 27, 2007 and that it remains unable to provide such net capital computation or adequate documentation relating to its liabilities to customers holding forex accounts. Defendants deny the remaining allegations of this paragraph.

4. Defendants admit that One World filed its required monthly financial report known as Form 1-FR-FCM ("1-FR") on November 27, 2007 reporting assets and liabilities as of October 31, 2007. Defendants further admit that the 1-FR reported: Total current assets of $2,387,427; total liabilities of $1,160,200, including $357,053 attributable to forex customers; and excess net capital of $227,227. Defendants deny the remaining allegations of this paragraph.

5. Defendants admit that on November 23, 2007, One World filed a weekly forex report with the NFA stating that as of that date its liabilities to forex customers were $538,515.

6. Defendants lack sufficient knowledge or information concerning complaints received by NFA staff members from One World customers as to amounts claimed to be due to them from One World to form a belief as to the truth of the allegations of this paragraph.

7. Defendants admit that since on or about November 28, 2007, the NFA has requested One World to supply supporting documentation for its reported forex liabilities and that One World has failed to provide any such documentation.

8. Defendants admit that on or about December 3, 2007, staff from the CFTC's Division of Clearing and Intermediary Oversight ("DCIO") requested that One World provide daily net capital computations and that Walsh told CFTC staff that he could not make net capital calculations for One World because he was not confident in the accuracy of data available to him on the nature and extent of One World's forex customer liabilities.

9. Defendants deny the allegations of violations of law and regulations because they are mere legal conclusions.

10. Defendants admit that the CFTC brings this action seeking injunctive relief, restitution and civil monetary penalties and deny the remaining allegations of this paragraph.

11. Defendants deny that they are likely to continue to engage in any conduct violative of any statute or regulation without the imposition of an injunction by this Court.

## II.   Jurisdiction and Venue

12. Defendants admit this Court's jurisdiction over this matter by virtue of the registration status of the Defendants but denies the remaining

allegations of this paragraph as to the nature and extent of this Court's jurisdiction over the specific conduct at issue.

13. Defendants admit that venue properly lies with this Court.

### III.   The Parties

14. Defendants admit that the CFTC is an independent federal regulatory agency charged with administering and enforcing certain laws and regulations.

15. Defendants admit that One World is a New York Limited Liability Company formed on August 31, 2005 with its principal place of business located at 818 Elm Street, Winnetka, Illinois. Defendants further admit that One World has been registered with the CFTC as an FCM since December 6, 2005 and as a Commodity Trading Advisor ("CTA") since May 17, 2007.

16. Defendants admit that Walsh is 59 years old, resides in Lake Forest, Illinois, is the managing member and President of One World and has registered with the NFA in various capacities at various times through November 30, 2007. Defendants further admit that Walsh signs management reports on behalf of One World, has access to One World's bank accounts and supervises One World's employees. Defendants deny the remaining allegations of this paragraph.

### IV.   The Facts

**A.   Statutory and Regulatory Background**

17. Defendants admit that the NFA is a registered futures association

4

and operates as an independent self-regulatory organization for the U.S. futures industry. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations of this paragraph concerning the mission of the NFA.

18. Defendants admit the accuracy of the definition of an FCM in this paragraph and the description of the typical role of an FCM as it relates to customer futures business.

19. Defendants deny the allegations of this paragraph relating to an interpretation of the requirements of Section 4f(b) of the Act as a mere legal conclusion.

20. Defendants admit that the NFA defines an FDM member of the NFA as an FCM that serves as a counterparty or offers to serve as a counterparty to forex transactions.

21. Defendants deny the allegations of the requirements or other interpretations of CFTC regulations as mere legal conclusions.

**B.    One World's Business Backgound**

22. Defendants admit that One World has maintained the websites referred to in this paragraph.

23. Defendants admit that the two web sites identified in this paragraph include the language quoted regarding One World's registration status.

24. Defendants admit that the website 1worldfcm.com  has removed

its content and only directs the reader to contact Walsh with questions and lists the One World office number.

25. Defendants admit that since approximately December 2005 One World has served as or offered to serve as counterparty to off-exchange forex transactions with domestic and foreign retail customers and that Walsh has represented to the NFA that One World maintained in excess of 2,000 customer accounts trading forex through Metatrader, an electronic trading platform licensed to One World by Moneytec. Defendants deny all remaining allegations of this paragraph.

26. Defendants admit that One World has carried accounts for retail customers that traded exchange-traded futures contracts and affirmatively states that it terminated its customer futures business in November 2007. Defendants deny all remaining allegations of this paragraph.

    C.    **NFA Business Conduct Committee Action**

27. Defendants admit that the NFA filed a Business Conduct Committee Complaint against One World and Walsh alleging that One World had failed to meet its minimum adjusted net capital requirements as of January 31, 2006 and that the NFA specifically alleged that One World had failed to include customer liabilities in its financial statements.

28. Defendants admit that on or about November 14, 2007, the NFA issued a Decision in which it accepted Defendants' offer of settlement, which consented to findings that they committed the violations alleged in the BCC

complaint, and that the Decision did not relieve One World of its ongoing regulatory obligations, including adjusted net capital requirements.

### D. NFA Member Responsibility Action

29. Defendants admit that the NFA commenced an audit of One World on or about November 28, 2007 and that NFA sent staff to One World's Winnetka office in the course of their audit. Defendants deny the remaining allegations of the paragraph.

30. Defendants admit that on or about November 30, 2007, the NFA filed a Notice of Member Responsibility Action against One World alleging that One World and Walsh had failed to cooperate promptly and fully with the NFA in an NFA audit, and that One World failed to produce adequate and complete support for certain material asset and liability balances. Defendants further admit that the MRA required One World to cease doing business. Defendants lack knowledge as to the reasons NFA filed the MRA and deny all remaining allegations of this paragraph.

31. Defendants admit that NFA staff has attempted to obtain supporting financial records from One World relating to its net capital computation and that One World has not been able to provide such supporting financial records. Defendants deny all remaining allegations of this paragraph.

32. Defendants admit that the CFTC sent a letter to Defendants on or about December 3, 2007, requesting that One World provide a current net

capital computation and that Defendants have not been able to comply with this request. Defendants deny all remaining allegations of this paragraph.

33. Defendants admit that they have been unable to provide the requested net capital computation and deny all remaining allegations of this paragraph.

### E. One World Has Failed to Demonstrate Compliance With the Minimum Adjusted Net Capital Requirements of the Act and Regulations

34. Defendants deny the allegations concerning the requirements of CFTC and NFA regulations as mere legal conclusions.

35. Defendants admit that One World's 1-FR report for the period ending October 31, 2007, shows $357,053 in liabilities to forex customers and that One World is unable to determine its current liabilities to forex customers or One World's ability to pay its customer liabilities. Defendants lack sufficient knowledge to admit or deny the remaining allegations of this paragraph.

36. Defendants admit that they have represented to the CFTC that Moneytec has denied them access to the customer trading databases necessary to determine customer account balances. Defendants lack sufficient knowledge to admit or deny the remaining allegations of this paragraph.

37. Defendants lack sufficient knowledge to admit or deny what information the NFA has received from third-party documentation and all

remaining allegations of this paragraph.

38. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph concerning customer complaints received by the CFTC.

## V. VIOLATION OF THE COMMODITY EXCHANGE ACT AND COMMISSION'S REGULATIONS

### COUNT ONE:

### VIOLATIONS OF SECTION 4f(b) OF THE ACT AND REGULATION 1.17(a)(4):

### FAILURE TO COMPLY WITH THE COMMISSION'S MINIMUM FINANCIAL REQUIREMENTS

39. Defendants re-allege their answers to paragraphs 1 through 38 as their answer to this paragraph.

40. Defendants deny the allegations regarding the requirements of CFTC statutes and regulations as mere legal conclusions.

41. Defendants deny the allegations regarding the requirements of CFTC statutes and regulations as mere legal conclusions.

42. Defendants admit that since approximately November 28, 2007, One World has been unable to demonstrate minimum adjusted net capital of $1,000,000 and deny all remaining allegations of this paragraph.

43. Defendants admit that One World did not cease doing business and transfer all customer accounts on November 28, 2007 and deny all remaining allegations of this paragraph.

44. Defendants deny the allegations regarding the requirements of

CFTC statutes and regulations as mere legal conclusions.

45. Defendants deny the allegations regarding the requirements of CFTC statutes and regulations as mere legal conclusions.

46. Defendants deny the allegations of this paragraph except that they admit that Walsh was a "control person" of One World during the relevant time period.

## COUNT TWO:

## VIOLATIONS OF SECTION 4f(a)(1) OF THE ACT AND REGULATION 1.18

## FAILURE TO MAINTAIN REQUIRED BOOKS AND RECORDS

47. Defendants re-allege their answers to paragraphs 1 through 38 as their answer to this paragraph.

48. Defendants deny the allegations regarding the requirements of CFTC statutes and regulations as mere legal conclusions.

49. Defendants deny the allegations regarding the requirements of CFTC statutes and regulations as mere legal conclusions.

50. Defendants deny the allegations of this paragraph except that they admit that Walsh was a "control person" of One World during the relevant time period.

## VI.   RELIEF REQUESTED

Defendants deny that the CFTC is entitled to any of the relief sought in its complaint but further affirmatively state that Defendants have consented to certain preliminary injunctive relief sought by the CFTC in an

effort to avoid the burden and expense of litigating those issues and without any admission of wrongdoing.

Defendants deny each and every allegation and violation in the complaint to the extent not admitted, qualified or specifically denied.

### FIRST AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants at all times acted in good faith and in the belief that their conduct conformed with all applicable laws and regulations.

### SECOND AFFIRMATIVE DEFENSE
### (Reliance on Trading Platform)

Defendants relied in good faith on the independent trading platform licensed by them to execute and record all customer forex transactions accurately and in accordance with the terms and conditions of their license and their contracts with their customers.

### THIRD AFFIRMATIVE DEFENSE
### (Conformity with Industry and Regulatory Standards)

Defendants reliance on the accuracy and integrity of the independent trading platform licensed by them to execute and record all customer forex transactions was, at all relevant times, consistent with industry and regulatory standards.

### FOURTH AFFIRMATIVE DEFENSE
### (Business Judgment)

Defendants' reliance on the accuracy and integrity of the independent trading platform licensed by them to execute and record all

11

customer forex transactions was consistent with their own business judgment and industry practices.

## FIFTH AFFIRMATIVE DEFENSE
### (Fiduciary Duties)

Some or all of the violations alleged fail because Defendants did not breach any fiduciary duties.

WHEREFORE, Defendants request judgment dismissing the complaint, together with such other further relief as the Court deems just and proper.

Dated: February 18, 2008

                                One World Capital Group, LLC, and
                                John Edward Walsh

                                By:  /s/ Kevin M. Flynn
                                       Their Counsel

Kevin M. Flynn
Kevin M. Flynn & Associates
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
312.456.0240 (Tel.)
312.444.1028 (Fax)
kevin@kmflynnlaw.com
Attorney ID: 3121727

## Certificate of Service

Kevin M. Flynn, an attorney of record, certifies that he caused a true and correct copy of Defendants' Answer and Affirmative Defenses to be served pursuant to ECF as to counsel listed below registered with ECF and by e-mail on February 18, 2008:


Jennifer S. Diamond (jdiamond@cftc.gov)
Elizabeth M. Streit (estreit@cftc.gov)
Scott R. Williamson (swilliamson@cftc.gov)
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661


/s/  Kevin M. Flynn