MHN

# In The United States District Court
# For The Northern District Of Illinois
# Eastern Division

| | |
|---|---|
| **Commodity Futures Trading Commission,** | Civil Action No. 07 CV 7002 |
| Plaintiff, | Judge Joan H. Lefkow |
| v. | Magistrate Judge Keys |
| **One World Capital Group, LLC** and **John Edward Walsh,** | |
| Defendants. | |

## [PROPOSED] CONSENT ORDER FOR PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS ONE WORLD CAPITAL GROUP AND JOHN EDWARD WALSH

1.   On December 13, 2007, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against One World Capital Group, LLC ("One World"), a futures commission merchant ("FCM") registered with the Commission that also acted as a forex dealer member ("FDM") of the National Futures Association ("NFA"), and One World's President, John Edward Walsh ("Walsh"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et. seq.* (2007). On December 13, 2007, the Court entered an *Ex Parte* Statutory Restraining Order against the Defendants and a Consent Order of Preliminary Injunction and Other Ancillary Relief was entered against the Defendants on February 8, 2008.

1

## I.     CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint against One World and Walsh (collectively, the "Defendants") without a trial on the merits or any further judicial proceedings, Defendants:

2.     Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants One World Capital Group and John Edward Walsh ("Order").

3.     Affirm that they have agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

4.     Acknowledge service of the Summons and Complaint.

5.     Admit that this Court has jurisdiction over them and the subject matter of this case, and that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

6.     Waive:

    (a) all claims that they may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), and Part 148 of the Regulations, 17 C.F.R. §§ 148.1 et seq. (2007), relating to, or arising from, this action and any right under EAJA to seek costs, fees and other expenses relating to, or arising from, this action;

    (b) all claims that they may possess under the Small Business Regulatory Enforcement Act (SBREFA), Pub. L. 104-121, Subtitle B, Section 223, 110 Stat. 862-63 (March 29, 1996), relating to, or arising from, this action;

    (c) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

    (d) all rights of appeal in this action.

7.      Admit all of the findings of facts and conclusions of law stated herein. Defendants agree and intend that all of the allegations of the Complaint and findings of fact and conclusions of law contained in this Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of any subsequent action by the CFTC to enforce the terms of this Order and any bankruptcy proceeding filed by, on behalf of, or against Defendants.

8.      Defendants shall provide immediate notice to this Court and the CFTC by certified mail of any bankruptcy proceeding filed by, on behalf of, or against the Defendants. Such notice to the Commission shall be sent to: Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581.

9.      Agree that no provision of this Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against Defendants or any other person in any other proceeding.

10.     Agree that neither Defendants nor any of their agents, servants, employees, contractors or attorneys shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants': i) testimonial obligations; or ii) right to take legal positions in other proceedings to which the Commission is not a party. Defendants shall take all necessary steps to ensure that all of their agents, servants, employees, contractors or attorneys under their actual or constructive authority or control understand and comply with this agreement.

11.     Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this action.

## II.     FINDINGS OF FACTS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law, and a permanent injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), as set forth herein.

### A.    The Parties

12.     Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged with the responsibility for administering and enforcing the provisions of the Act, as amended, 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.*;

13.     Defendant **One World Capital Group, LLC** is a New York Limited Liability Company formed on August 31, 2005. Its principal place of business is in Winnetka, Illinois 60093. One World has also done business under the name OW Forex LLC, and holds bank accounts in that name. One World has been registered with the Commission as a FCM since December 6, 2005, and as a Commodity Trading Advisor ("CTA") since May 17, 2007. One World is also an FDM member of the NFA. As a registered FCM and NFA FDM, One World has solicited and accepted retail customer funds for the purpose of acting as a counterparty, or offering to act as the counterparty, to foreign currency ("forex") transactions.

14.     Defendant **John "Jack" Edward Walsh** is 59 years old and resides in Lake Forest, Illinois. Walsh is the managing member and the President of One World. Walsh has been registered with the NFA in various capacities from February 1997 to October 2000, and July 2001

4

to November 30, 2007. From December 2005 to November 30, 2007, Walsh was registered with the NFA as an Associated Person of One World. Walsh signed management reports on behalf of One World, had access to One World's bank accounts, and supervised One World's employees.

### B. One World's Business Background

15. One World has maintained at least five forex related internet websites at various times during its registration as an FCM and CTA. These websites include www.1worldfcm.com, www.1world-forex.com, www.1wfx.com, www.1worldchina.com and www.owforex.com.

16. At least two of the One World websites, 1worldfcm.com and 1world-forex.com, have touted One World's membership status with the NFA and its registration with and oversight by the CFTC. At least through December 13, 2007, the 1world-forex.com website stated:

> A registered Futures Commission Merchant (FCM), One World Capital Group LLC is a member of the National Futures Association (NFA) and is regulated by the Commodity Futures Trading Commission (CFTC). Interested parties can visit the NFA web site at any time to review One World Capital Group's unblemished record as an NFA member. NFA ID #0359973.

17. From at least December 2005 through December 2007, One World acted as a FDM in that it was the counterparty or offered to be the counterparty to off-exchange forex transactions with domestic and foreign retail customers. As recently as December 2007, Walsh represented to the NFA that One World carried in excess of 2,000 customer accounts trading forex through Metatrader, an electronic trading platform licensed to One World by Moneytec.

18. Since at least December 2005 and continuing to December 2007, One World carried accounts for retail customers that traded exchange-traded futures contracts.

### C. NFA Business Conduct Committee Action

19. On June 4, 2007, the NFA filed a Business Conduct Committee ("BCC") complaint against One World and Walsh alleging, among other things, that one month after One

World became registered, it had failed to meet its minimum adjusted net capital requirements as of January 31, 2006. Specifically, the NFA asserted that One World failed to include customer liabilities in its financial statements.

20. On November 14, 2007, the NFA issued a Decision in which it accepted Walsh's and One World's offer of settlement. The Decision recites that One World and Walsh consented to findings that they committed the violations alleged against them in the BCC complaint. As noted in the Decision, the acceptance of the settlement did not relieve One World of its obligation to comply with all NFA requirements, including adjusted net capital requirements for FCMs that are also FDMs.

### D. NFA Member Responsibility Action

21. On November 28, 2007, the NFA commenced an audit of One World. Pursuant to the audit, NFA sent staff to One World's Winnetka office.

22. One World was unable to comply with NFA staff's request to provide a net capital computation for November 27, 2007 and it remains unable to provide such net capital computation or adequate documentation relating to its liabilities to customers holding forex accounts.

23. On November 27, 2007, One World filed a required monthly financial report known as a Form 1-FR-FCM ("1-FR") with the NFA and the CFTC, reporting assets and liabilities, as of October 31, 2007. The 1-FR purported to show that, as of the end of October, the firm's total current assets were $2,387,427, its total liabilities were $1,160,200, including $357,053 attributable to liabilities to forex customers, and its excess net capital was $227,227.

24. On November 23, 2007, One World filed a weekly forex report with the NFA stating that, as of November 23, 2007, its liabilities to forex customers purportedly were $538,515.

6

25. Since November 28, 2007, the NFA has requested One World to supply supporting documentation for its reported forex liabilities. To date, One World has failed to provide any third party documentation or other support for its forex liabilities.

26. On November 30, 2007, the NFA filed a Notice of Member Responsibility Action ("MRA") against One World alleging that One World and Walsh have failed to cooperate promptly and fully with the NFA in an NFA audit, and that One World failed to produce adequate and complete support for certain material asset and liability balances. The MRA notified One World and Walsh that, inasmuch as One World was unable to demonstrate compliance with the minimum financial requirements, One World was required to cease doing business, including the solicitation or acceptance of any additional customer funds, and could only accept or place trades for liquidation purposes until such time as it has demonstrated it has in place the required capitalization, pursuant to Regulation 1.17(a)(4).

27. NFA staff also attempted to obtain supporting financial records from One World relating to their net capital computation. Walsh failed to provide books and records to the NFA.

### E. One World Has Failed to Demonstrate Compliance with the Minimum Adjusted Net Capital Requirements of the Act and Regulations

28. On December 3, 2007, CFTC staff sent a letter to Walsh and One World requesting, among other things, that One World provide a current net capital computation. To date, One World and Walsh have failed to provide required net capital computations in violation of the Act and Regulations.

29. On December 4, 2007, Walsh told CFTC staff that he could not make his net capital calculation because he was unable to determine One World's current liabilities to forex customers or One World's ability to pay its customer liabilities.

30. The known financial accounts held in the name of One World on December 13, 2007 contained a total of $639,815. Customers who maintained accounts with One World for the purpose of trading foreign currency contracts have claimed liabilities of over $9.7 million.

### III. CONCLUSIONS OF LAW

31. Beginning on at least November 28, 2007 and continuing through at least December 13, 2007, One World was unable to demonstrate compliance with the $1,000,000 minimum adjusted net capital requirement applicable to a FCM acting as a FDM, in violation of Section 4f(b) of the Act, 7 U.S.C. § 6f(b), and Regulation 1.17(a)(4), 17 C.F.R. § 1.17(a)(4);

32. Beginning on at least November 28, 2007 and continuing through at least December 13, 2007, One World failed to transfer all customer accounts and immediately cease doing business as a FCM until such time as it could demonstrate compliance with the adjusted net capital requirements of Regulation 1.17(a)(1), in violation of Section 4f(b) of the Act, 7 U.S.C. § 6f(b), and Regulation 1.17(a)(4), 17 C.F.R. § 1.17(a)(4).

33. Walsh controlled One World and either knowingly induced or did not act in good faith respecting the acts and practices of One World and its employees, officers, agents, directors, and/or principals that constitute the violations of Section 4f(b) of the Act, 7 U.S.C. § 6f(b), and Regulation 1.17(a)(4), 17 C.F.R. § 1.17(a)(4). Walsh therefore is liable as a controlling person for those violations pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

34. Pursuant to Section 4f(a)(1) of the Act, 7 U.S.C. § 6f(a)(1), and Regulation 1.18, 17 C.F.R. § 1.18, One World is required to maintain records that currently reflect its assets, liabilities and capital. Because One World failed to maintain such records, it violated Section 4f(a)(1) of the Act and Regulation 1.18, 17 C.F.R. § 1.18.

35. Walsh controlled One World and either knowingly induced or did not act in good faith respecting the acts and practices of One World and its employees, officers, agents, directors,

and/or principals that constitute the violations of Section 4f(b) of the Act, 7 U.S.C. § 6f(b), and Regulation 1.18, 17 C.F.R. § 1.18. Walsh therefore is liable as a controlling person for those violations pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b);

## IV. NEED FOR A PERMANENT INJUNCTION AND OTHER ANCILLARY EQUITABLE RELIEF

36. Defendants have engaged in acts and practices that violate Sections 4f(a) and 4f(b) of the Act, 7 U.S.C. §§ 6f(a) and 6f(b) (2002), and Regulations 1.17(a)(4) and 1.18, 17 C.F.R. §§ 1.17(a)(4) and 1.18 (2007).

37. Unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendants will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

## V. ORDER FOR PERMANENT INJUNCTION

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

38. The Defendants are permanently restrained, enjoined and prohibited from directly or indirectly violating Section 4f(b), 7 U.S.C. § 6f(b) (2002), and Commission Regulation 1.17(4), 17 C.F.R. § 1.17(4) (2007), by failing to demonstrate compliance with the minimum adjusted net capital requirement applicable to a FCM acting as a FDM.

39. Defendants are permanently restrained, enjoined and prohibited from violating Section 4f(a) of the Act, 7 U.S.C. § 6f(a) (2002), and Commission Regulation 1.18, 17 C.F.R. § 1.18 (2007) by failing to maintain records that currently reflect its assets, liabilities and capital.

40. Defendants are further permanently restrained, enjoined and prohibited from directly or indirectly engaging in any activity related to trading in any commodity interest, as that

9

term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

    A. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

    B. Engaging in, controlling, or directing the trading of any commodity interest accounts, on their own behalf or for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    C. Soliciting, accepting or placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity interests, for themselves and others;

    D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2007), or acting as a principal, agent or officer or employee of any person registered, required to be registered or exempted from registration with the Commission unless such exemption is pursuant to Commission Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2007); and

    E. Otherwise engaging in any business activities related to commodity interest trading.

41. The injunctive provisions of this Order shall be binding upon Defendants, upon any person who acts in the capacity of officer, agent, employee, attorney, successor and/or assign of either of the Defendants and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with either of the Defendants.

## VI. CIVIL MONETARY PENALTY AND ANCILLARY RELIEF

**IT IS FURTHER ORDERED THAT:**

### A. Civil Monetary Penalty

42. Upon entry of this Order, Defendant One World is liable for and judgment is entered against it in the amount of $260,000, plus post-judgment interest, as a civil monetary penalty.

43. Upon entry of this Order, Defendant Walsh is liable for and judgment is entered against him in the amount of $260,000, plus post-judgment interest, as a civil monetary penalty.

44. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

45. Defendants shall pay their respective civil monetary penalties by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, Oklahoma 73169
Telephone: 405-954-6569

If payment is to be made by electronic funds transfer, the paying Defendant shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. The paying Defendant shall accompany payment of their civil monetary penalty with a cover letter that identifies the Defendants and the name and docket number of the proceedings. The paying Defendant shall simultaneously transmit copies of the

11

cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement at the same address.

46. Any acceptance by the Commission of partial payment of any Defendants' civil monetary obligations shall not be deemed a waiver of their requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**B.  Cooperation**

47. Defendants shall cooperate fully with the Commission and any government agency seeking to enforce the civil monetary penalty and ancillary relief provisions of this Consent Order by providing any requested information relating to their financial status, including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns.

**C.  Equitable Relief Provisions**

48. The equitable relief provisions of this Order shall be binding upon Defendants and any person who is acting in the capacity of officer, agent, employee, or servant of Defendants, and any person acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

### VII.  MISCELLANEOUS PROVISIONS

**IT IS FURTHER ORDERED THAT:**

49. <u>Freeze Order Dissolved</u>: Any order entered in this proceeding freezing Defendants' assets or prohibiting Defendants' transfer of funds or other property are dissolved.

50. <u>Notices</u>: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>    Associate Director
>    Division of Enforcement - Central Region
>    Commodity Futures Trading Commission
>    525 West Monroe Street, Suite 1100
>    Chicago, Illinois 60661

Notice to Defendants:

>    Kevin M. Flynn
>    *Attorney for Defendants*
>    Kevin M. Flynn & Associates
>    77 West Wacker Drive, Suite 4800
>    Chicago, Illinois 60601
>    (312) 456-0240
>    (312) 444-1028- facsimile

In the event that Defendants change their residential or business telephone number(s) and/or address(es) at any time, they shall provide written notice of the new number(s) and/or address(es) to the Commission within twenty (20) calendar days thereof.

51. <u>Entire Agreement and Amendments</u>: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

52. <u>Invalidation</u>: If any provision of this Order, or the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

53. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later

time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed or construed as a further or continuing waiver of a breach of any other provision of this Order.

54. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to assure compliance with this Order and for all purposes related to this action.

55. <u>Authority</u>: Walsh hereby warrants that he is the president of One World, and that this Consent Order has been duly authorized by One World and he has been duly empowered to sign and submit it on behalf of On World.

IT IS SO ORDERED.

DATED: 2-25-2010

_____
The Honorable Joan H. Lefkow
UNITED STATES DISTRICT JUDGE
Northern District of Illinois

Dated: 2/18/2010

CONSENTED TO AND APPROVED BY:

_____
John Edward Walsh, signing individually
and as an officer and Managing Member of
One World Capital Group, LLC.

_____
Kevin M. Flynn
*Attorney for Defendants*
Kevin M. Flynn & Associates
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601

_____
Jennifer S. Diamond
Trial Attorney
(312) 596-0549
jdiamond@cftc.gov
COMMODITY FUTURES TRADING
 COMMISSION
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0714 (facsimile)